# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER ANDREW WILSON, also known as Wiggy,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-138-2

Before DENNIS, GRAVES, and COSTA, Circuit Judges,

PER CURIAM:[*]

Christopher Andrew Wilson, federal prisoner # 18729-380, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. In so doing, Wilson challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50822

Under the preamendment Guidelines, Wilson's attributable drug quantity of 29.34 kilograms of crack cocaine resulted in a base offense level of 38, a total offense level of 40, and an advisory sentence range of 360 months to life. *See* U.S.S.G. § 2D1.1(c)(1) (2013). Although Amendment 782 provides a basis for reducing a prisoner's sentence under U.S.S.G. §1B1.10(d), p.s., possession of at least 25.2 kilograms of crack cocaine still yields a base offense level of 38. *See* U.S.S.G. App. C, amend. 782; § 2D1.1(c)(1) (2018). Thus, leaving all other guideline application decisions unaffected, *see* § 1B1.10(b)(1), p.s., Wilson's total offense level remains 40, and his advisory guidelines range remains 360 years to life, *see* U.S.S.G. Ch.5, Pt.A (Sentencing Table). Consequently, Amendment 782 "does not have the effect of lowering [Wilson's] applicable guideline range," and he is not entitled to a reduction of his sentence under § 3582(c)(2). § 1B1.10(a)(2)(B), p.s.

Because there is no nonfrivolous argument that the denial of Wilson's § 3582(c)(2) motion was error, the motion to proceed IFP is DENIED, and Wilson's appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).